

**PRICE DANIEL**
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

January 31, 1947

Honorable Roy Loventhal, Chairman
Livestock Sanitary Commission of Texas
Lufkin, Texas          Opinion No. V-24

Re:  Whether or not the Secretary of
the Livestock Sanitary Commis-
sion of the State may lawfully
be paid the full salary provid-
ed for that position by the ap-
propriation bill, when she is
devoting a portion of her time
to other duties under private
employment by a private firm.

Dear Mr. Loventhal:

We beg to acknowledge receipt of your request
for an opinion upon the above subject-matter, your let-
ter being as follows:

"As Chairman of the Livestock Sanitary Com-
mission of the State of Texas, I respectfully re-
quest your opinion on an administrative matter
that has been called to my attention with refer-
ence to the activities of the secretary of the
Livestock Commission as to certain duties per-
formed for the Commission and other activities.

"Briefly, the facts are as follows:

"The General Appropriation Bills, acts of the
49th Legislature, 1945, provides in the general
appropriation for the operation of the Livestock
Sanitary Commission of the State of Texas, that a
secretary may be paid $1725 annually. Such secre-
tary has been employed by the Commission and is
drawing, at the present, a salary of $143.75 a
month. This same employee has been serving as
secretary for the Commission for a number of years
and has faithfully and satisfactorily rendered to
the Commission all of the services required of her.

"However, a portion of her time is devoted
to secretarial work for a law firm in which she
maintains her office as secretary of the Live-
stock Sanitary Commission.

"Under these facts, the question I desire to
have answered is, whether or not such employee may
receive the full salary provided by the Appropria-
tion Bill when she is devoting a portion of her
time to other duties for a private individual."

After the date of your above quoted request,
you advised this department that the secretary to the
Livestock Sanitary Commission was now employed by a law
firm in Fort Worth, on a full-time basis, and has been
working for the firm for a long period of years. That
the secretary works for the Livestock Sanitary Commiss-
ion only when she is required, and that her work is
merely part-time.

Whether the secretary mentioned in your added
information is the same secretary first mentioned by you
or another one, is immaterial for the purposes of an o-
pinion.

In connection with your request, we copy from
the audit report of the Livestock Sanitary Commission of
the State of Texas, made by the State Auditor, for the
two years ended May 31, 1940, as follows:

"The following is quoted from our previous
audit report on the Livestock Sanitary Commission:

"'As result of our examination and review of
the affairs of the Livestock Sanitary Commission
we find only one important current "exception" to
a consistent conformity with the provisions of the
statutes and appropriation Acts applying at this
time. This concerns the payment of the full-time
salary appropriation for a Secretary of the Com-
mission ($125.00) per month) to a person who does
not devote full-time to such duties. In her reply
to our Questionnaire she stated that instead of full-
time she works "whenever and whatever time is re-
quired", that she attends and records the proceed-
ings of Commission hearings and does "general sec-
retarial work for the Commission and assists with
other work of the office when necessary." In fact
she is stationed in (and listed on the door of) an

adjoining office as the regular secretary of a private law firm, of which one of the Commissioners is a member. (Mr. Wardlaw)

"'Subsection 15a of the General Provisions of the Departmental Appropriation Act reads in part as follows:

"'"... the head of any ... Commission ... may use part-time employees to fill any position provided for in this Act at a salary not to exceed more than one-half the amount appropriated for such position ..." (underscoring ours)

"It is our opinion that working only 'when necessary' does not qualify for the above mentioned full-time salary, especially since our observation while in the office was that she did not work even half-time for the Commission.

"'In this criticism we do not mean to imply that this employee's services are not entirely satisfactory - to the extent they have been rendered. In fact it is evident that in former years the quantity as well as the quality of her work was excellent. We do hold, however, that if she is now to be paid the full appropriated salary she must devote full-time to the Commission, or if she is to continue as part-time, her salary must be cut at least in half.'

"Our survey during this audit shows that this practice has continued and no effort has been made to correct it (the present salary is at $143.75 per month)."

Considering your request in the light of the Auditor's report, we beg to advise as follows:

Item 10. Secretary, $1,725.00, of the current appropriation for the Livestock Sanitary Commission of Texas is the employment position involved. This appropriation is a part of the general departmental appropriations for the present biennium, as contained in Senate Bill No. 317, ch. 378 of the Acts of the 49th Legislature at its regular session.

Senate Bill No. 324, ch. 362 by the same Legislature provides that:

"The salaries of all State officers and all State employees, except those constitutional State officers whose salaries are specifically fixed by the Constitution, and except the salaries of the District Judges and other compensation of District Judges shall be, for the period beginning September 1, 1945, and ending August 31, 1947, in such sums or amounts as may be provided by the Legislature in the general appropriation bills ***"

The general rider appended to the bill in Subdivision c of Subsection (14) declares that:

"No salary for which an appropriation is made herein shall be paid to any person unless such person actually discharges assigned duties."

Subdivision a of subsection (14) declares:

"All annual salaries shall be paid in twelve (12) equal monthly installments. ***"

Subsection (7) of the general provisions fixes office hours as follows:

"Excepting herefrom Sundays and State legal holidays, office hours of State departments shall be from 8:00 o'clock A. M. to 5:00 o'clock P. M. with one hour off at noon; provided, however, that all departments shall be allowed to close at noon on Saturdays; and provided further that if the head of any department determines it is necessary to keep such department open on Saturday afternoons he shall be authorized to excuse a part of the employees of such department at noon on Saturdays, and that Saturday afternoon shall not be construed to be a part of the twelve days' vacation provided for by law."

We quote these statutes and provisions for the purpose of showing the nature of the employment and the duties of the employee in respect to service.

As we construe the situation thus presented, we are not dealing with a case where the employee is present for the performance of her duties to the State for the full time contemplated by the requirements above quoted, having no other existing contract for employment for service during the same hours, but on the con-

trary we are confronted with a situation where the State employee upon a full-time basis is likewise at the same time under contract of employment for service by a private firm for the same time, under a common obligation to each of her employers to perform services without any definite time of performance or understanding as to relative amount of services performed or to be performed, and with no rule of priority as between the two employers in those instances where there might be a conflict of interests.

We are of the opinion that such a service to the State is not the service contemplated by the statute.

It is contrary to public policy and inconsistent with the conflicting duties of such State employees thus to contract. The law will not undertake to enter into the task of factual investigation to determine whether or not the State has actually suffered in the matter of its employee's service, since the two positions in their very nature are incompatible and tend necessarily to violate the duty the employee holds to the State of a full day's service.

The head of the department should not certify such employee as performing the services required for warrant.

What we have said is not to be construed as a holding that an employee of the State may not perform at leisure moments those small and insignificant personal services for herself or another, which may be performed at no loss or inconvenience to the department, where there is no existing contract for such private service or employment. Neither would the rule above announced preclude such employee of the State from performing service of any type before or after office hours, or on legal holidays, or during vacation periods. Such minor acts are necessarily contemplated in the State's contract with its employees.

We have no doubt that the particular secretary involved here has thoroughly and fully performed the duties assigned to her by your Board to the complete satisfaction of the Board, but we are not deciding the question upon the basis of actual hurt to the State but rather upon the basis of public policy, attended as it is by potential abuses.

Since writing the original draft of the above opinion, this office has been advised that the employment of the Secretary of the Board, has been changed to one-half time instead of a full-time basis. This presents the further question of whether such change of time of service works a change in our conclusions above announced. Obviously, if the secretary is yet in the full-time employment of the firm of Attorneys, the reasons prompting us for the above ruling still exist in full force. The half-time employment by the Board and the full-time employment by the private law firm embrace a concurrent employment of the secretary, and this we have ruled cannot be permitted.

The law question posed by this last suggestion of half-time employment is none other in law than the one previously answered.

SUMMARY: 1. The secretary of the Livestock Sanitary Commission employed on a full-time basis may not be paid her salary when, during the same period, she is employed by a private firm since such latter employment is incompatible with her State employment. Such practice is contrary to public policy and inimical to the public interest.

2. The same holding applies even though the secretary to the Board is employed upon a half-time basis, if during the same period, she is likewise employed by the private firm upon a full-time basis.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ocie Speer
Ocie Speer
Assistant

Approved Opinion
Committee, By BWB,
Chairman

APPROVED JAN. 31, 1947

ATTORNEY GENERAL

OS/JMc:jrb